UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Timothy P. Neumann, Esq. [TN6429]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
(732) 223-8484
*Attorneys for 270 Berger Real Estate, LLC*

| | |
|---|---|
| In Re: | Case No.: 16-21006 |
| **270 BERGER REAL ESTATE, LLC,** | Chapter 11 |
| Debtor. | Judge: Hon. Christine M. Gravelle |

## SECOND MODIFIED PLAN OF REORGANIZATION OF
## 270 BERGER REAL ESTATE, LLC

Debtors/Plan Proponents respectfully submit their Plan of Reorganization pursuant to Chapter

11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

October 2, 2017

   /s/ *Timothy P. Neumann*
Timothy P. Neumann, Esq.
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive,
Manasquan, NJ 08736

# TABLE OF CONTENTS

|  | Page |
|---|---|
| I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..  . . . . . | 1 |
| II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS . . . | 1 |
| A. General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| B. Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3-9 |
| C. Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| 1. Administrative Expenses and Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| 2. Priority Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..  . . . | 11 |
| D. Classified Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 |
| 1. Classes of Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..  . . . | 12 |
| 2. Priority Non-Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14 |
| 3. Class of General Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14 |
| 4. Class(es) of Equity Interest Holders . . . . . . . . . . . . . . . . . . . . . . . . ..  . . . . | 15 |
| E. Acceptance or Rejection of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
| F. Means of Effectuating the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
| 1. Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
| 2. Post-Confirmation Management . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..  . . | 17 |
| 3. Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..  . . . | 17 |
| III. TREATMENT OF MISCELLANEOUS  ITEMS . . . . . . . . . . . . . . . . . . . ..  . | 17 |
| A. Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| 1. Assumptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| 2. Rejections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| B. Changes in Rates Subject to Regulatory Commission Approval . . . . ..  . . . . . | 17 |
| C. Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| D. Procedures for Resolving Contested Claims . . . . . . . . . . . . . . . . . . . . . . . . | 18 |
| E. Notices under the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 |
| IV. EFFECT OF CONFIRMATION OF PLAN . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| A. Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 |
| B. Revesting of Property in the Debtors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 |
| C. Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 |
| D. Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 |
| E. Post-Confirmation Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 |

# I.
## INTRODUCTION

270 Berger Real Estate, LLC (the "**Debtor**") is the debtor in a Chapter 11 bankruptcy case. On June 6, 2016 (the "**Petition Date**"), the Debtor filed a petition (the "**Chapter 11 Proceedings**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**"). This document is the combined Disclosure Statement (**Disclosure Statement**) and Chapter 11 plan ("**Plan**") proposed by 270 Berger Real Estate, LLC, (sometimes referred to as the "**Proponent**").  This document is provided to help you understand the Plan.

This is a plan of reorganization.  The Effective Date of the proposed Plan is 30 days after entry of an Order of the Bankruptcy Court confirming the Plan unless such day is not a Business Day, in which case the Effective Date is the next ensuing Business Day. The Plan proposes to modify all mortgages held on four separate properties in order assist funding the plan. The Debtor also proposes the plan will be funded by rental income generated each of its properties. The Debtor therefore urges creditors to vote in favor of the Plan.

# II.
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A. GENERAL OVERVIEW

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payment as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan. The categories of Claims and Equity Interests listed below classify Allowed Claims and Allowed Equity Interests for all purposes, including voting, confirmation, and distribution pursuant to the Plan.

## B. DEFINITIONS.

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1.    **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtors, any actual and necessary expense of operating the business of the Debtors, any indebtedness or obligation incurred or assumed by the Debtors in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtors, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtors under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2.    **Allowed** when used as an adjective preceding the words "Claim(s)" or "Equity Interest(s)", shall mean any Claim against or Equity Interests of the Debtors, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtors, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtors as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitations fixed by the Plan, the

4

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3.      **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

4.      **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5.      **Ballot** or **Ballots** means the ballot or ballots which must be used to cast votes to accept or reject the Plan.

6.      **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code at 11 U.S.C. § 101 *et seq*.

7.      **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

8.      **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

9.      **Board of Directors** shall mean the board of directors of the Debtors if the Debtors is a corporation.

10.     **Business Day** means and refers to any day except Saturday, Sunday, and any other day on

which commercial banks in New Jersey are authorized by law to close.

11. **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which *270 Berger Real Estate, LLC*  is the Debtors.

12. **Claim** shall mean any right to payment from the Debtors whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

13. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

14. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

15. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

16. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

17. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

18. **Creditor** shall mean any person that has a Claim against the Debtors that arose on or before the Petition Date or a Claim against the Debtors' estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations,

partnerships, or business entities holding claims against the Debtors.

19.   **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

20.   **Debtor** shall mean 270 Berger Real Estate, LLC.

21.   **Disbursing Agent** shall mean the attorney for the Debtors or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

22.   **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtors as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

23.   **Disputed Administrative Expense, Disputed Claim, and Disputed Equity Interest** means any Administrative Expense, Claim, or Equity Interest, as the case may be (i) listed on the Schedules as unliquidated, disputed, or contingent, or (ii) as to which the Debtors or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by a Final Order.

24.   **Effective Date** shall mean 30 days after the Confirmation Order becomes a Final Order.

25.   **Equity Interest Holder** shall mean the holder of an equity interest in the Debtors.

26.   **Equity Interest** shall mean any stock or shareholder interest in the Debtors.

27.   **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

7

28.     **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

29.     **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

30.     **Petition Date** shall mean the date on which the Debtors filed this petition for relief commencing the Chapter 11 Case.

31.     **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

32.     **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

33.     **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

34.     **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

35.     **Proceedings** shall mean the Chapter 11 Case of the Debtors.

36.     **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

37.     **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

38.     **Proponents** means the Debtor 270 Berger Real Estate, LLC.

39.     **Pro Rata Share**   means, with respect to any distribution of property under the Plan, a proportionate share, so that the ratio of the amount of property distributed on account of an Allowed Claim or Allowed Equity Interest to the amount of such Allowed Claim or Allowed Equity Interest is the same as the ratio of the amount of property distributed on account of all Allowed Claims or Allowed Equity Interests in such class to the amount of all Allowed Claims or Allowed Equity Interests in that class.

40.     **Record Date** if used in this Plan means 5:00 p.m. on the last day for the filing of ballots to vote in favor of or against the Plan.

41.     **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtors has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtors' interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

42.     **Unsecured Claim** shall mean any Claim against the Debtors which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtors, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtors that are not expressly otherwise dealt with in the Plan.

43.     **Other Definitions,** a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular

section, subsection, or clause contained in the Plan. Moreover some terms defined herein are defined in the section in which they are used.

## C. UNCLASSIFIED CLAIMS.

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

1. **Administrative Expenses and Fees.** Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. Court Approval of Professional Compensation Required: Pursuant to the Bankruptcy Code, the Court must rule on all professional compensation and expenses listed in this chart before the compensation and expenses will be owed. The professional in question must file and serve a properly noticed fee application for compensation and reimbursement of expenses and the Court must rule on the application. Only the amount of compensation and reimbursement of expenses allowed by the Court will be owed and required to be paid under this Plan as an administrative claim. Each professional person who asserts an administrative claim that accrues before the confirmation date shall file with the Bankruptcy Court, and serve on all parties required to receive notice, an application for compensation and reimbursement of expenses no later than thirty (30) days after the Effective Date of the Plan. Failure to file such an application timely shall result in the professional person's claim being forever barred and discharged. Each and every other person asserting an administrative claim shall be entitled to file a motion for

10

allowance of the asserted administrative claim within ninety days of the Effective Date of the Plan, or

such administrative claim shall be deemed forever barred and discharged. No motion or application is

required to fix the fees payable to the Clerk's Office or Office of the United States Trustee. Such fees

are determined by statute. As indicated above, the Debtor will need to pay the administrative claims and

fees on the Effective Date of the Plan unless a claimant has agreed to be paid later or the Court has not

yet ruled on the claim.

| NAME | TYPE OF CLAIM | TREATMENT | ESTIMATED AMOUNT |
|------|---------------|-----------|------------------|
| Clerk's Office | Fees | Paid in full on Effective Date | 0 |
| Office of U.S. Trustee | Fees | Paid in full on Effective Date | 0 |
| Broege, Neumann, Fischer & Shaver LLC | Legal Fees and Cost Reimbursement | Paid in full on Effective Date | 8,000 |
| TOTAL | | | 8,000.00 |

**2. Priority Tax Claims.** Priority tax claims are certain unsecured income, employment and other taxes

described by Code Section 507(a)(8). The Code requires that each holder of such a Section 507(a)(8)

priority tax claim receive on account of such claim regular installment payments in cash —

(i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

(ii) over a period ending not later than 5 years after the date of the order for relief under section

301, 302, or 303; and

(iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided

for by the plan (other than cash payments made to a class of creditors under section 1122 (b)).

The following chart lists all of the Debtor' Section 507(a)(8) priority tax claims and their treatment under the Plan:

| DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|
| Internal Revenue Service | 0 | NA |
| State of New Jersey | 0 | NA |

**D. Classified Claims and Interests.** Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified. As required by the Code, the Plan places Claims in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims is impaired or unimpaired. A Claim can be impaired if the Plan alters the legal, equitable or contractual rights to which the holder of the Claim is otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to have accepted the Plan and is not entitled to vote. The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

1. **Classes of Secured Claims.**

| CLASS | Claim Description | Impaired | Treatment |
|---|---|---|---|
| 1 | Secured Claim of Federal National Mortgage Association in the amount of $444,236.50 secured by a first mortgage on real property commonly known as 270 Berger Street, Oakhurst, New Jersey | YES | The real property securing this claim will be listed for sale and sold. Effective July 1, 2017, the Debtor shall make adequate protection payments of $1,000.00 per month until the sale. Failure to list the property on or before July 1, 2017 is cause for stay relief which may be obtained upon certification of default filed by creditor. Failure to make a payment within 15 days of the due date is cause for stay relief which may be obtained upon certification of default filed by creditor. Failure to enter into a contract and file a motion to sell on or before December 1, 2017 is cause for stay relief which may be obtained upon certification of default filed by creditor. The creditor in this Class shall retain the lien it held on the Petition Date with the same priority as existed on the Petition Date. Except to the extent modified by the terms of the Plan as set forth above, all rights of the holder of the Claim in this Class shall remain as set forth in the prepetition loan documents and as provided by applicable non-bankruptcy law. |
| 2 | Secured Claim of Carrington Mortgage Services, LLC, the servicer and attorney-in-fact for Wilmington Savings Fund Society, FSB, As Trustee for Stanwich Mortgage Loan Trust A, loan assignee to Christina Trust ("Carrington") in the amount of $200,768.00 secured by a first mortgage on real | YES | 1. The real property securing this claim known as 999 Woodgate Avenue, Long Branch, New Jersey (the "Property') will be listed for sale and sold prior to December 31, 2017 pursuant to Section 363 of the Bankruptcy Code and Carrington shall have the right to credit bid. Carrington is not required to credit bid on |

| | | |
|---|---|---|
| | property owned by Debtor commonly known as 999 Woodgate Avenue, Long Branch, NJ | any sale and its decision with respect to whether to credit bid shall have no effect on its rights and remedies.<br><br>2. Carrington shall be paid in full at closing unless Carrington consents to receive the net proceeds of sale which total less than the amount required to pay Carrington in full.<br><br>3. Effective July 1, 2017, the Debtor shall make adequate protection payments of $700.00 per month until the sale.<br><br>4. Carrington shall retain the lien it held on the Petition Date with the same priority as existed on the Petition Date.<br><br>5. Except to the extent modified by the terms of this Order as set forth above, all rights of Carrington shall remain as set forth in the prepetition loan documents and as provided by applicable non-bankruptcy law.<br><br>6. Carrington is hereby granted relief from the automatic stay to permit Carrington to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to foreclosure the mortgage(s) held by Carrington on the Property, including a subsequent eviction action, provided, however that no sheriff's sale shall occur before December 31, 2017.<br><br>7. The 14-day stay of this Order pursuant to Bankruptcy Rule 4001(a)(3) is waived and Carrington may immediately implement and enforce this Order.<br><br>8. Carrington shall accept a plan which incorporates the terms of |

| | | | |
|---|---|---|---|
| | | | this Order and is not otherwise in conflict with such terms. |
| 3 | Secured Claim of Ditech Financial Services in the amount of $254,777.76 secured by first mortgage on real property owned by Debtor commonly known as 308 Case Road, Lakewood, New Jersey | YES | The real property securing this claim is worth $450,000. This Class shall be paid $185,000 plus interest at the annual rate of 4% in monthly payments of $883.22, to be applied first to interest and the remainder to principal, said payments commencing on the first day of the month following the Effective Date. The creditor in this Class shall retain the lien it held on the Petition Date with the same priority as existed on the Petition Date. Except to the extent modified by the terms of the Plan as set forth above, all rights of the holder of the Claim in this Class shall remain as set forth in the prepetition loan documents and as provided by applicable non-bankruptcy law. |
| 4 | Secured Claim of U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust secured by mortgage on real property owned by Debtor commonly known as 890 Red Oaks Drive, Lakewood, New Jersey | YES | The Debtor believes the property securing this claim is worth $300,000 based upon a the appraisal annexed hereto as Exhibit A. The Secured Claim of this creditor shall be allowed in the amount of the fair market value of the property which will be determined by the Court absent agreement of the parties. This Class shall be paid 100% of all rental income generated by the subject property (presently $2,300 per month). The Debtor shall pay the Allowed Secured Claim in full on or before June 1, 2017 whereupon The Debtor shall be discharged from further obligation to the holder of the Claim in this Class and the mortgage and |

| | | | assignment of rent shall be cancelled and of no further force or effect. Until such payment is made, the Debtor shall turnover all rents it collects, or, if instructed by the creditor, shall direct the tenant(s) to make the rent payments directly to the creditor. The Debtor shall be responsible for payment of real property taxes, insurance and maintenance and may not use the rent to pay these expenses. The creditor in this Class shall retain the lien it held on the Petition Date with the same priority as existed on the Petition Date but shall not be permitted to foreclose absent a default by the Debtor in the terms set forth herein. Except to the extent modified by the terms of the Plan as set forth above, all rights and obligations of the holder of the Claim in this Class shall remain as set forth in the prepetition loan documents and as provided by applicable non-bankruptcy law. |
|---|---|---|---|

2. **Classes of Priority Unsecured Claims.** Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7)are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims. The Debtor' is not indebted for any amounts which would be entitled to priority under sections 507(a)(3), (a)(4), (a)(5), (a)(6), or (a)(7) of the Bankruptcy Code.

3.  **Class of General Unsecured Claims.** General unsecured claims are uncollateralized claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing all of Debtor' general unsecured claims:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
|         | **There are no unsecured claims owed by the Debtor.** |  |  |

4.  **Class(es) of Interest Holders.** Interest holders are the parties who hold ownership interests (i.e., equity interest) in the Debtor. Because the Debtor is an entity owned by a sole Member, it is the equity holder of its assets. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|-------|-------------|----------------|-----------|
| 5 | Debtor's ownership interests in his assets. | NO | The Debtor shall retain ownership of its assets except to the extent provided in the Plan. |

**2.3. Estimated Number and Amount of Claims Objections.**

The Debtor may object to the amount or validity of any Claim by filing an objection with the Bankruptcy Court before the later of (i) 90 days after the Confirmation Date, or (ii) 30 days after the Claim is properly filed, and serving a copy of the objection on the holder of the Claim. Any Claim that is timely filed and not objected to in accordance with this Section 2.3 shall be deemed allowed. The Claim

objected to will be treated as a Disputed Claim under the Plan. If a Disputed Claim is finally resolved by

the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance

with the Plan. The Debtor does not intend to dispute any claims except that of Class IV to reduce it to

the value of the underlying collateral.

**2.4. Treatment of Executory Contracts and Unexpired Leases.** Executory Contracts are contracts

where significant performance of the contract remains for both the Debtor and another party to the

contract. The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of

contracts to another party, subject to the Bankruptcy Court's approval. The Debtor is not party to any

executory contracts.

 **2.5. Means for Implementation of the Plan.** The funds needed to fulfill the Debtor's obligations under

the Plan will be derived from rental income from the Debtor's properties. Each of the Debtor's

properties is occupied by tenants who pay rent to the Debtor. Certain properties will be sold and

creditors paid from the proceeds of sale..

On Confirmation of the Plan, all property of the Debtor, tangible and intangible, including,

without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims

and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have

sufficient cash on hand to make the payments required on the Effective Date.

All United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or

before the Effective Date, by the Debtor. All United States Trustee Fees which accrue post-Effective

Date shall be paid in full on a timely basis by the Debtor prior to the Debtor's case being closed,

converted or dismissed.

**2.6. Disbursing Agent.** The Initial Distributions to Creditors provided for in this Plan will be made by Broege, Neumann, Fischer & Shaver, LLC, 25 Abe Voorhees Drive, Manasquan, NJ 08736. Subsequent distributions will be made by the Debtor.

**III.**

**TREATMENT OF MISCELLANEOUS ITEMS**

**A. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

1. Assumptions. The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtors under this Plan: THE DEBTORS WILL ASSUME ITS CURRENT LEASES WITH RESIDENTIAL TENANTS IN ORDER TO UTILIZE RENTAL INCOME TO FUND THE PLAN.

2. Rejections. The following are the unexpired leases and executory contracts to be rejected as obligations of the reorganized Debtors under this Plan: NONE

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific

date. **THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS UP TO AND INCLUDING SIXTY (60) DAYS FOLLOWING THE ENTRY OF THE CONFIRMATION ORDER.** Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.   CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL.** These Debtors are not in a business which is subject to governmental regulatory commission approval of its rates.

**C. RETENTION OF JURISDICTION.** The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan, including without limitation, the amount required to cure the default in the Class II claim pursuant to 11 U.S.C. § 1124. In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtors or the reorganized Debtors elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D. PROCEDURES FOR RESOLVING CONTESTED CLAIMS.** Objections to Claims and Equity Interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtors or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or disputed Equity Interests, the Disbursing Agent will hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or Equity Interest, as listed either in the Debtors' schedules or the filed proof(s) of claim. Funds held shall be released only upon entry of a Final Order resolving the dispute.

**E. NOTICES UNDER THE PLAN.** All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

TIMOTHY P. NEUMANN, ESQ.
BROEGE, NEUMANN, FISCHER & SHAVER, LLC
25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY 08736
(732) 223-8484
EMAIL: tneumann@bnfsbankruptcy.com

**F. GOVERNING LAW.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the internal laws of the State of New Jersey shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan.

**G. EXCULPATION.** Neither the Reorganized Debtors nor any statutory committee, nor any of their respective members, officers, directors, employees, or agents shall have or incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, or arising out of, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence, and in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**I. RIGHTS OF ACTION.** Any rights or causes of action accruing to the Debtors shall remain assets of the estate of the Reorganized Debtors. The Reorganized Debtors may pursue those rights of action, as appropriate, in accordance with what is in the best interests, and for the benefit, of the Reorganized Debtors.

**J. REVOCATION OR WITHDRAWAL.**

1. **Right to Revoke**. The Debtors reserve the right to revoke or withdraw the Plan prior to the Confirmation Date.

2. **Effect of Withdrawal or Revocation**. If the Debtors revokes or withdraws the Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date do not occur, then the Plan shall be

21

deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

**J. SATURDAY, SUNDAY, OR LEGAL HOLIDAY**. If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**K. SETOFFS**. The Debtors may, but shall not be required to, set off against any Claim and the payments to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever the Debtors may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors of any such claim the Debtors may have against such claimant.

**L. DISTRIBUTION OF UNCLAIMED PROPERTY**. Except as otherwise provided in the Plan, any distribution of property (cash or otherwise) under the Plan which is unclaimed after five (5) years following the Confirmation Date shall be transferred by the Disbursing Agent to the Reorganized Debtors.

**IV.**
**EFFECT OF CONFIRMATION OF PLAN**

**A. DISCHARGE.** The Debtors shall not be discharged of liability for payment of debts incurred before confirmation of the Plan until all payments under the plan are completed, unless, after notice and hearing, the Court permits an earlier discharge pursuant to section 1141(d)(5)(B) of the Code. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtors

or their estate or any other persons, or to prejudice in any manner the rights of the Debtors or their estate

or any person in any further proceeding involving the Debtors or their estate. The provisions of this Plan

shall be binding upon Debtors, all Creditors and all Equity Interest Holders, regardless of whether such

Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon

Confirmation thereof.

**B. MODIFICATION OF PLAN.** The Proponents of the Plan may modify the Plan at any time before

Confirmation. The Court may require a new disclosure statement or re-voting on the Plan, however, if

the Proponent modifies the Plan before Confirmation. The Proponent may also seek to modify the Plan

at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2)

the Court authorizes the proposed modification after notice and a hearing.

**C. POST-CONFIRMATION CONVERSION/DISMISSAL.** A creditor or party in interest may bring

a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default

in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is

confirmed, then all property that had been property of the Chapter 11 estate, and that has not been

disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be

reimposed upon the revested property only to the extent that relief from stay was not previously granted

by the Court during this case.

**E. POST-CONFIRMATION QUARTERLY FEES.** Quarterly fees pursuant to 28 U.S.C. Section

1930 (a)(6) continue to be payable to the office of the United States trustee post-confirmation until such

time as the case is converted, dismissed, or closed pursuant to a final decree.

270 BERGER REAL ESTATE, LLC

By:___/s/ *Joseph Plotzker*_____
    JOSEPH PLOTZKER